FILED
2011 Oct-28  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JANICE LANE MILAZZO,**   )<br>  )<br>   Plaintiff,   )<br>  )<br>**v.**   )<br>  )<br>**TITLE CASH OF**   )<br>**HUNTSVILLE,**   )<br>  )<br>   Defendant.   ) | Civil Action Number<br>**2:11-cv-01858-AKK** |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Title Cash of Huntsville's ("Defendant") motion to dismiss Plaintiff's sex discrimination claim. Doc. 7. The motion is fully briefed. Docs. 11, 12. For the reasons stated below, Defendant's motion is **GRANTED**.

### I. FACTUAL BACKGROUND

Plaintiff, an older English speaking Caucasian female, began working for Defendant in July 2008. Doc. 1, at 3. A week or so after Defendant hired her, Plaintiff's branch manager, Denisse Martinez ("Martinez"), allegedly informed Plaintiff that Curt Golden ("Golden"), the area manager, expressed dissatisfaction over the decision to hire Plaintiff. Doc. 11-1, at 5. Supposedly, Golden wanted to

hire a younger attractive 18-year-old Hispanic female, but could not since the company had a minimum age requirement of 19.  *Id.*  Martinez allegedly informed Plaintiff that Golden would try to replace her in three months when the Hispanic female turned 19, since Plaintiff is older and unattractive.  *Id.*  Apparently, as a result, Golden and Martinez constantly belittled, scolded, and found fault in everything Plaintiff did.  *Id.*  This conduct continued even though Plaintiff made a perfect score on her employment examination, had no disciplinary write-ups, and generally received good marks on her evaluations.  Doc. 1, at 3.  Moreover, Golden never reprimanded younger attractive females because he purportedly had personal relationships with many of them and advocated for them when the district manager discussed firing them. *Id.* at 2.  Furthermore, Martinez allegedly told Plaintiff that Golden planned on staffing his stores with young attractive females and if Plaintiff did not resign, Golden would discharge her because she was "old, fat, and ugly" *Id.* at 2.

     Plaintiff claims also that Martinez and Golden conspired to discharge her because Martinez wanted to replace Plaintiff with Martinez's best friend, a Hispanic who had recently lost her job.  *Id.* at 3.  Thus, Martinez started to mistreat Plaintiff and directed her to use fake social security numbers for customers who did not have one.  *Id.*  Plaintiff claims she followed Martinez's

instructions in order to keep her job. *Id.* at 4.  Despite her best efforts,  Defendant terminated Plaintiff nonetheless on September 12, 2008.  That same day, Golden promoted a younger attractive non-Hispanic female from another location to a full-time position.  Doc. 11-1, at 6. According to Plaintiff,  Martinez and the district manager advised Plaintiff that her termination was related to her race, age, and physical appearance, rather than her performance.  Doc. 1, at 3.

After losing her job, Plaintiff contacted the Equal Employment Opportunity Commission ("EEOC") and filed an intake questionnaire on February 23, 2009. Doc. 11-1, at 1. Thereafter, on March 9, 2009, Plaintiff filed a charge of age and race discrimination, *id.* at 16, and an amended charge on March 23, 2009.  *Id.* at 17.  The EEOC issued a notice of a right to sue on or about March 3, 2011, and Plaintiff filed her complaint in this court on June 6, 2011, alleging claims of intentional infliction of emotional distress and race, age, and sex discrimination. Doc. 1, at 1, 5, 9.  It is the sex discrimination claim that Defendant moved to dismiss on August 22, 2011.  Doc. 7.

## II.  STANDARD OF REVIEW

"The Federal Rules of Civil Procedure do not contain a heightened pleading standard for employment discrimination suits." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).  Therefore, an employment discrimination pleading, under

Federal Rule(a)(2), must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ----U.S.---, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *see also*

*Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

On a motion to dismiss under Rule 12(b)(6), the court accepts all of a plaintiff's factual allegations as true. *See, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 129 S. Ct. at 1950.

### III.  ANALYSIS

The issue before this court is whether Plaintiff can pursue a claim for sex discrimination if, in fact, she failed to include a sex claim in her EEOC charge, as Defendant contends. The obvious starting point for the court's analysis is Title VII, which provides that "[i]n order to file a judicial complaint . . . , a plaintiff must first administratively exhaust any claims by filing a charge with the EEOC." *Francois v. Miami Dade County, Port of Miami*, 2011 WL 2496359 at *1 (11th Cir. June 23, 2011); *see also* 42 USC § 2000e-5(e). Moreover, the charge must be verified – i.e., written under oath or affirmation. *Vason v. City of Montgomery*, 240 F.3d 905, 907 (11th Cir. 2001). Furthermore, "the scope of [a] judicial

complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Francois*, 2011 WL 2496359 at *1 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) (quotations omitted); *see also Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000).

Here, Plaintiff asserts that although she did not check the box for sex discrimination in her charge, the court should allow her to pursue her sex claim since she purportedly alleged facts that support such a claim. Doc. 11, at 2. As proof, Plaintiff references her intake questionnaire where she stated that her branch manager told her that "she was too old for Curt Golden to have a relationship with" and "the manager wanted to have all 'pretty young women working in his stores.'" Doc. 11, at 2. Furthermore, Plaintiff contends that both her charge and amended charge discussed the issue of sex discrimination based on her physical attributes or attractiveness. *Id.*

Because Plaintiff is relying on her intake questionnaire to establish that she raised a sex discrimination claim, the court must first determine whether the intake questionnaire is equivalent to the actual charge Plaintiff filed. *Francois*, 2011 WL 2496359 at *1-2. "[A]s a general matter an intake questionnaire is not intended to function as a charge." *Francois*, 2011 WL 2496359 at *2 (quoting

*Pijnenburg v. West Georgia Health Sys., Inc.*, 255 F.3d 1304, 1305 (11th Cir. 2001).  Indeed, to "treat Intake Questionnaires willy-nilly as charges would be to dispense with the requirement of notification of the prospective defendant, since that is a requirement only of the charge and not of the questionnaire." *Id.* at 1306 (quoting *Park v. Howard Univ.*, 71 F.3d 904, 908-09 (D.C. Cir. 1995)).  However, the Eleventh Circuit has held that an intake questionnaire can constitute a charge for statute of limitations purposes if: (1) the charging party verified the questionnaire; (2) the questionnaire contained the basic information required by the charge; and (3) the questionnaire contained language that is broad enough to be interpreted as representing a charge.  *Wilkerson v. Grinnell Corporations*, 270 F.3d 1314, 1320-21 (11th Cir. 2001).  Unfortunately for Plaintiff, this test is not beneficial because the timeliness of her complaint is not at issue.  Furthermore, Plaintiff failed to complete the intake questionnaire  under oath or by affirmation.  Therefore, the sex discrimination facts allegedly in the intake questionnaire fail to meet the requirements necessary for this court to find that Plaintiff intended the questionnaire to function as part of the charge Plaintiff filed subsequently.

In light of the court's finding that Plaintiff's intake questionnaire is not equivalent to a charge, the court must now determine whether the sex discrimination claim is "like or related" to the race or age discrimination claims

asserted in her charge.  *Turner v. Orr*, 804 F.2d 1223, 1226 (11th Cir. 1986); *see also Buffington v. General Time Corporation,* 677 F.Supp 1186 (M.D. Ga. 1988) (citing *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)) ( "[Plaintiff's] claims of discrimination in the Title VII complaint must be "like or related" to the claims set forth in the plaintiff's EEOC charge and those investigated by the Commission.").  If the court answers this question in the affirmative, then Plaintiff may pursue her sex discrimination claim.

Unfortunately, the sex discrimination claim alleged in Plaintiff's complaint is not "like or related" to the race or age discrimination claims asserted in her EEOC charge.  Not only did Plaintiff not check the sex discrimination box in her EEOC charge, she specifically stated in the narrative portion of her charge that "I believe I have been discriminated against because of my *race* . . . and my *age* . . . ."  Doc. 11-1, at 2, 16 (emphasis added).  Significantly, Plaintiff made no reference to her sex.  Furthermore, Plaintiff stated, "My position was untimely filled by a young Hispanic female."  Doc. 11-1, at 17.  In other words,  Plaintiff's own words indicate unequivocally that she only alleged that Defendant discharged her because of her race and age.  Indeed, that Plaintiff stated a female replaced her belies Plaintiff's contention that she also intended to assert a sex discrimination claim in her EEOC charge.  To the contrary, based on the contents of her charge,

the EEOC simply could not have reasonably known to also investigate a sex discrimination claim. Likewise, her employer, the Defendant in this case, could not have known from the charge that Plaintiff intended to also pursue a sex discrimination against it.  *See EEOC v. Shell Oil Co.*, 466 U.S. 54, 91 (1984) (O'Connor, J., dissenting) (notice is sufficient "when it informs the respondent of the of the complainant's underlying reasons for filing the charge and is sufficient to permit a well-intentioned respondent to undertake immediate remedial measures if the charge is valid."); *see also Francois,* 2011 WL 2496359 at *3 (citing *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 877 (11th Cir. 1986)) (noting the filing of an EEOC charge serves two purposes: to put the defendant on notice of the claim, and to give the EEOC an opportunity to settle the grievance)).  In short, the sex discrimination allegations in the complaint are not "like or related" to the discrimination claims Plaintiff asserted in her EEOC charge.  Therefore, Plaintiff is precluded from raising a sex discrimination claim in this matter. Accordingly, Defendant's Motion to Dismiss is **GRANTED**.

**DONE** and ordered this 28th day of October, 2011.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE