FILED
2012 Jul-10 PM 03:55
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JANICE LANE MILAZZO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:11-cv-1858-AKK** |
| **TITLE CASH OF** | ) | |
| **HUNTSVILLE,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Janice Lane Milazzo ("Milazzo") alleges claims for race and age

discrimination[1] against Title Cash of Huntsville ("Title Cash") in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and a state law

claim for intentional infliction of emotional distress.  Doc. 1.  Before the court is

Title Cash's Motion for Summary Judgment on Milazzo's Title VII and outrage

claims alleging that these claims are due to be dismissed because Milazzo's (1)

Title VII claim is time barred as she failed to file her Equal Employment

Opportunity Commission ("EEOC") charge within 180 days from her September

12, 2008, termination, and (2) tort of outrage claim does not meet the outrageous

_____

[1]The court granted Title Cash's motion to dismiss Milazzo's sex discrimination claim.
Doc. 16.

conduct threshold.  Doc. 25.  After considering the pleadings, evidentiary

submissions, and the relevant law, the court **GRANTS** the motion as it relates to

the outrage claim and **DENIES** it as it relates to the Title VII claim.

## I.  STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary

judgment is proper "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  To

support a summary judgment motion, the parties must cite to "particular parts of

materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations, admissions, interrogatory

answers, or other materials."  FED. R. CIV. P. 56(c).  Moreover, "Rule 56(c)

mandates the entry of summary judgment, after adequate time for discovery and

upon motion, against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party

will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).  The moving party bears the initial burden of proving the absence of a

genuine issue of material fact.  *Id*. at 323.  The burden then shifts to the

nonmoving party, who is required to "go beyond the pleadings" to establish that

there is a "genuine issue for trial."  *Id*. at 324 (citation and internal quotation

marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)). Furthermore, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## II.    TITLE VII CLAIM

As it relates to Milazzo's Title VII claim, it is undisputed that Milazzo signed her charge on March 9, 2012, doc. 41 at 4 ¶9; doc. 41-1 at 3 ¶11, and Milazzo alleges further that she mailed it that same day, *id*., i.e., 178 days after her termination. However, the EEOC received the charge on March 16, 2009, doc. 26-

1 at 2, i.e. after the 180th day.  Based on the case law, absent equitable tolling, Milazzo's charge is untimely.  *See, e.g., Taylor v. Gen. Tel. Co.*, 759 F.2d 437, 440 (5th Cir. 1985) ("Our review of cases construing Title VII filing provisions leads inescapably to the conclusion that 'mailing' may not be construed as 'filing' for purposes of Title VII.").

Nonetheless, the court will not dispose of Milazzo's claim on timeliness grounds at this juncture and will carry this issue with the merits portion of Title Cash's motion for summary judgment.  The court declines to grant Title Cash's motion, in part, because Milazzo's untimeliness may have been the result of excusable neglect because the EEOC was "sufficiently misleading" to cause Milazzo to believe that she activated the Title VII process when she returned her charge by mail.  *See Lawrence v. Cooper Cmtys., Inc.*, 132 F.3d 447, 451 (8th Cir. 1998).  Milazzo completed an EEOC intake questionnaire on February 23, 2009. Doc. 26-2.  On March 5, 2009, six days before the 180-day limitations period, the EEOC mailed Milazzo a charge instructing her to review, sign, and return it "as soon as possible."  Doc. 26-3 at 2.  Milazzo complied by mailing her charge on March 9, 2009.  Therefore, the EEOC may have led Milazzo "into reasonably believing" that submitting her charge as soon as possible – which she did – was sufficient.  To the extent she failed to timely file her charge, such untimeliness

may have been based on the EEOC's instructions and Milazzo's reasonable belief

that she had completed the requirements to file a charge.[2] *Lawrence*, 132 F.3d at

452.  For these reasons, Defendant's motion for summary judgment on Milazzo's

Title VII claim is **DENIED** without prejudice.[3]

## III.    TORT OF OUTRAGE CLAIM

The court turns now to the tort of outrage claim, which requires proof that

"(1) the actor intended to inflict emotional distress, or knew or should have known

that emotional distress was likely to result from his conduct; (2) the conduct was

extreme and outrageous; and (3) the distress was severe." *Perkins v. Dean*, 570

So. 2d 1217, 1219 (Ala. 1990) (citations omitted).  Title Cash contends that

Milazzo failed to allege facts which rise to the level of outrageous conduct as

determined by the Alabama Supreme Court in *Potts v. Hayes*, 771 So. 2d 462 (Ala.

2000).  Doc. 25 at 10.  Title Cash is correct that "[t]he tort of outrage is a very

---

[2]To the extent that Milazzo has any evidence from the EEOC to support that the EEOC misled her, she should include it in the evidentiary materials she submits in opposition to the motion for summary judgment Title Cash intends to file on the merits.

[3]Title Cash does not have to raise the timeliness issue again when it files its merits motion.  The court will carry this argument forward and will address it again in conjunction with the other arguments Title Cash raises in its merits motion.  However, since the timeliness issue is one Title Cash raised in its Answer, doc. 13 at 19, and thus could have raised in a motion to dismiss, the court will reduce Title Cash's page limits to reflect that it has already raised two issues on summary judgment – i.e., timeliness and outrage.  To allow Title Cash to have the full complement of pages for its merits motion would essentially give parties the unfettered right to circumvent page limitations by bifurcating their arguments into two or more separately filed motions.  The court declines to sanction such a practice.

limited cause of action that is available only in the most egregious circumstances."

*Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993); doc.

25 at 9. Indeed, as Title Cash points out, the Alabama Supreme Court has

generally recognized outrage claims for "(1) wrongful conduct in the family-burial

context, (2) barbaric methods employed to coerce an insurance settlement, and (3)

egregious sexual harassment." *Potts*, 771 So. 2d at 465 (internal citations

omitted). However, this court disagrees that outrage claims are cognizable only in

these circumstances. In fact, the Alabama Supreme Court recently explained,

> *That is not to say, however, that the tort of outrage is viable in only
> the three circumstances noted in Potts.* Recently, this Court affirmed
> a judgment on a tort-of-outrage claim asserted against a family
> physician who, when asked by a teenage boy's mother to counsel the
> boy concerning his stress over his parents' divorce, instead began
> exchanging addictive prescription drugs for homosexual sex for a
> number of years, resulting in the boy's drug addiction. . . . It is clear,
> however, that the tort of outrage is viable only when the conduct is so
> outrageous in character and so extreme in degree as to go beyond all
> possible bounds of decency, and to be regarded as atrocious and
> utterly intolerable in a civilized society.

*Little v. Robinson*, 72 So. 3d 1168, 1173 (Ala. 2011) (internal quotation marks and

citation omitted) (emphasis added).

Although the court disagrees with Title Cash that outrage claims are limited

solely to the three circumstances outlined in *Potts*, the court agrees with Title Cash

nonetheless that Milazzo has failed to plead conduct that rises to the standard

necessary for an outrage claim. *See id.; Potts,* 771 So. 2d at 465. Milazzo alleged

that Title Cash discriminated against her by telling her that (1) the area manager

wanted to hire young Hispanic women instead of Milazzo, (2) the district manager

would "get rid" of her by October to hire a young Hispanic woman, (3) the area

manager would make it hard for her and ultimately discharge her if she did not

resign, and (4) Title Cash was treating her differently because she was "old, fat,

and ugly."  Doc. 1 at 3; doc. 26-1 at 2.  Milazzo alleged also that Title Cash

increased her work load, "scrutinized [her work] more closely than the younger

employees," and "belittled" her in front of customers and employees.  *Id*.  While

the alleged conduct if true has no place in the work place, nonetheless, because the

tort of outrage is not a "panacea for all of life's ills," *U.S.A. Oil, Inc.v. Smith*, 415

So. 2d 1098, 1101 (Ala. Civ. App. 1990), these allegations fail to rise to the level

of being "utterly intolerable and atrocious" to sustain an outrage claim.  *Little*, 72

So. 3d at 1173. The alleged conduct, while disturbing, is not so "severe that no

reasonable person could be expected to endure it." *Am. Road Serv. v. Inmon*, 394

So.2d 361, 365 (Ala. 1981).

As to Milazzo's contention that *Rice v. United Ins. Co. of Am.*, 465 So. 2d

1100 (Ala. 1984), supports her assertion that some types of sexual harassment are

sufficient to support  a tort of outrage claim, doc. 41 at 12, the allegations here  are

simply not similar to those in *Rice*.  In *Rice*, after plaintiff informed her employer

about her pregnancy, plaintiff's supervisor "organized" a coup over several

months and involved several individuals to force plaintiff to take disability leave

by (1) falsely accusing and ridiculing plaintiff in the presence of others, (2)

pressuring plaintiff's husband to encourage her to take disability leave, and (3) withholding "vital business information" from plaintiff, which lead ultimately to plaintiff's wrongful termination and subsequent miscarriage. *Rice*. 465 So. 2d at 1102. Because Milazzo's allegations are not remotely similar to those in *Rice*, Milazzo's reliance on *Rice* misses the mark. Therefore, as a matter of law, the court **GRANTS** Title Cash's motion on Milazzo's tort of outrage claim.

The dispositive motion deadline is extended to August 10, 2012; responses are due August 31, 2012; and replies, if any, are due September 11, 2012. Consistent with footnote 3, *supra*, since Title Cash has used 12 pages for its main brief, it has 18 pages for its remaining arguments. Likewise, Milazzo has 16 pages remaining for her response. Finally, Title Cash has 5 pages remaining for its reply, if any. The court resets this matter for a Pretrial Conference on **October 4, 2012, at 2:15 p.m.** and a trial on **November 5, 2012, at 9:00 a.m.** at the Hugo Black United States Courthouse in Birmingham, Alabama.

Done the 10th day of July, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE