# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JANICE LANE MILAZZO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **2:11-cv-1858-AKK** |
| **TITLE CASH OF** ) | |
| **HUNTSVILLE,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the court is Defendant Title Cash of Huntsville's motion for summary judgment on Plaintiff Janice Milazzo's age and race discrimination claims.[1]  Doc. 44.  After considering the pleadings, evidentiary submissions, docs. 1, 51, 52, and the relevant law, Title Cash's motion is due to be **GRANTED**.

### I.  STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  To support a summary judgment motion, the parties must cite to "particular parts of

---

[1] The court dismissed Milazzo's sex discrimination and tort of outrage claims on October 28, 2011 and July 10, 2012, respectively.  Docs. 16, 43.

materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c).  Moreover, "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of proving the absence of a genuine issue of material fact.  *Id*. at 323.  The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial."  *Id*. at 324 (citation and internal quotation marks omitted).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor).  However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v.*

*England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)). Furthermore, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## II.  STATEMENT OF THE UNDISPUTED FACTS

On July 7, 2008, Title Cash[2] hired Milazzo, a sixty-three year old white female, as a customer service representative.  Doc. 45-1 at 2, 4, 9.  Milazzo's duties required her to assist customers, process payday loans, deposit and withdraw money at a bank, perform vehicle inspections, and produce vehicle and end-of-the-day reports.  *Id.* at 5.  Milazzo received training on customer service and loan processing policies and procedures from Title Cash's manager Mandi Beams and scored 100% on her new hire training evaluations.  Docs. 45-1 at 10; 45-2 at 18.  As part of her training, Milazzo received and read the Title Cash Employee Handbook.  Doc. 45-1 at 11.  Relevant to this lawsuit, the Handbook has the following provisions:  (1) "[f]ailure to obtain 'clear' titles on autos, or any other required documents for a particular transaction" warrant "immediate

---

[2]Milazzo worked for Car Title Loans of Boaz, Alabama, a subsidiary of Title Cash.  Doc. 45-4 at 2.

dismissal," *id*.; 45-5 at 36; and (2) an equal employment opportunity section that instructed employees to report incidents of alleged discrimination "in writing (unless impracticable), to [their] supervisor or to the Human Resource Manager." Doc. 45-5 at 7. Title Cash also posted signs in its stores advising employees of their rights under federal employment laws. Doc. 45-4 at 2.

During her employment, Milazzo's supervisor Curt Golden reprimanded and threatened to discipline Milazzo for leaving reports on the printer, wearing sandals and sleeveless tops, and failing to timely file reports and record phone calls. Doc. 45-1 at 7-8. Allegedly, Golden failed to reprimand younger employees for the same infractions. *Id*. Further, Milazzo alleges that her manager Denise Martinez informed Milazzo that Golden disliked Milazzo because she was "old, fat, and ugly." *Id*. at 7,12, 48. Despite this alleged mistreatment, Milazzo only complained about Golden "within a month of getting let go." *Id.* at 12.

During Milazzo's employment, Hutcheson Enterprises, Inc. provided human resources support for Title Cash. Doc. 45-2 at 2. At some point, Linda Thompson, Hutcheson's human resources coordinator, received documentation from Martinez demonstrating Milazzo's failure to follow company policy and Thompson decided to discharge Milazzo for failing to (1) "get copies of [identification]" from a customer in violation of the Title Pawn Act, and (2)

acquire a potential customer's pay stub to verify employment and place of residence.  Doc. 45-2 at 16-18.  Presumably, Thompson in turn communicated her decision to Title Cash because on September 12, 2008, Golden discharged Milazzo.[3]  Docs. 45-1 at 15; 45-3.  During the exit interview, Milazzo told Golden, "You're just doing this because you want to hire this Spanish girl that you want to date," and Golden allegedly responded, "You're right, I do."  *Id*. at 13.  Milazzo signed an exit review record stating that she failed to "follow[ ] company policy, nor State Lending Laws.  Due to the nature of her infractions and the possible fines imposed on her employer, immediate termination of employment is merited."  Doc. 45-3.

Thereafter, Milazzo filed a charge of discrimination with the Equal Employment Opportunity Commission that she signed and mailed on March 9, 2009, 178 days after her termination.[4]  Doc. 26-1 at 2.  The EEOC received the charge on March 16, 2012, *id*., i.e. five days after the 180 day deadline to file a timely charge of discrimination.

---

[3]Milazzo does not challenge Title Cash's contention that Thompson made the decision to discharge her.  *See* doc. 51.

[4]Milazzo raised claims for age and race discrimination under the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, respectively.

### III.  ANALYSIS

*A.     Milazzo's EEOC charge is untimely*

The court addresses first the timeliness of Milazzo's claim which Title Cash raised initially in a motion to dismiss.  Doc. 7.  The court denied the motion to afford Milazzo the opportunity to present evidence that would demonstrate that the EEOC led her "into reasonably believing" that she submitted her charge on a timely basis and perhaps create a basis for the court to equitably toll the deadline. Doc. 43 at 5 n.2; *see Lawrence v. Cooper Cmtys, Inc.*, 132 F.3d 447, 451 (8th Cir. 1998).  Unfortunately, Milazzo failed to do so, or to rebut the established case law on when a charge is deemed filed with the EEOC.  *See, e.g., Taylor v. Gen. Tel. Co.*, 759 F.2d 437, 440 (5th Cir. 1985) ("Our review of cases construing Title VII filing provisions leads inescapably to the conclusion that 'mailing' may not be construed as 'filing' for purposes of Title VII.").  Therefore, the court finds that Milazzo's Title VII and ADEA claims are barred by her failure to timely exhaust her administrative remedies and **GRANTS** Title Cash's motion for summary judgment on this basis.  42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1).

Alternatively, as shown below, even if a basis exists to toll the statute, summary judgment is still due because Milazzo failed to rebut Title Cash's articulated reasons for her discharge.

B.     ADEA claim

Title Cash contends that Milazzo failed to establish a prima facie case of age discrimination and to rebut its legitimate, non-discriminatory reason for her termination. Doc. 44 at 8-11. Indeed, Milazzo's opposition brief is silent as to her age claim. Nonetheless, because "summary judgment, even when unopposed, can only be entered when 'appropriate,'" *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004), the court has considered the merits and finds that summary judgment is appropriate here. Specifically, even if Milazzo can establish a prima facie case,[5] she failed to rebut Title Cash's legitimate, non-discriminatory reason for her termination, i.e. that Milazzo violated state lending laws and company policy regarding lending procedures. Docs. 44 at 11-13. In fact, Milazzo offered no rebuttal to Title Cash's contention and presented no argument regarding whether Title Cash's reasons for her termination are pretextual. Moreover, Milazzo faces a difficult burden

---

[5]Title Cash contends that Milazzo failed to establish a prima facie case of age discrimination based on her allegations that Golden "pick[ed] on" her, pursuant to the requirement in *Davis v. Town of Lake Park, Fla*, 245 F.3d 1232, 1238 (11th Cir. 2001), that a plaintiff show "a serious and material change in the terms, conditions, or privileges of employment," and based on Martinez's statements about Golden's comments, which are "bald conclusions, opinions, and hearsay without supporting specific facts are not admissible and do not create a genuine issue of material fact," *Williams v. Hager Hinge Co*., 916 F. Supp. 1163, 1168 (M.D. Ala. 1995), *citing Evers v. Gen. Motors. Corp*, 7780 F.2d 984, 986 (11th Cir. 1985). Doc. 44 at 8-10. The court agrees and finds further that such purported comments by Golden, a non-decision maker, are insufficient to establish evidence of age discrimination. Doc. 45-2 at 17; *Wallace v. O.C. Tanner Recognition, Co.*, 299 F.3d 96, 100 (1st Cir. 2002) ("brief, stray remarks unrelated to the termination decisional process" lack probative value).

because the primary player behind her termination, Thompson, was 66 years old and within the class of persons protected by the ADEA. Doc. 45-4 at 2. As such, she is "more likely to be the victim[ ] of age discrimination than its perpetrator[ ]." *Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1471 (11th Cir. 1991); *see also Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 572 (7th Cir. 1998) ("While persons of any age are capable of age discrimination, that the decision maker is older than the terminated employee is certainly significant in evaluating the evidence of discrimination.").

In short, Milazzo's evidence is insufficient to establish that age-related animus motivated Title Cash's decision or that material issues of disputed fact exist. Therefore, the court **GRANTS** Title Cash's motion on Milazzo's age discrimination claim.

C.   *Title VII Claim*

The *McDonnell Douglas* framework applies here also since Milazzo is using circumstantial evidence to prove her race discrimination claim.[6] *Burke-Fowler v.*

---

[6]"Direct evidence is 'evidence, that, if believed, proves [the] existence of [a] fact without inference or presumption.'" *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11 Cir. 2004) (citation omitted). "'[O]nly the most blatant remarks whose intent could mean nothing other than to discriminate on the basis of' some impermissible factor constitute direct evidence of discrimination." *Rojas v. Florida*, 285 F.3d 1339, 1342 n.2 (11th Cir. 2002) (citations and quotation marks omitted). Therefore, Golden's alleged statement confirming that he "want[ed] to hire this young Spanish girl that you want to date" fails to rise to the level of direct evidence because it suggests a selfish sexual motive at best and can only constitute racial discrimination if such as intent is inferred or presumed. In other words, it cannot constitute direct evidence.

*Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (citation omitted).  To establish a *prima facie* case of disparate treatment, Milazzo must show: (1) membership in a protected class; (2) that she is qualified for the position; (3) that she suffered an adverse employment action; and (4) that Title Cash treated her less favorably than a similarly-situated individual outside her protected class. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003).  "To show that employees are similarly situated, the plaintiff must show the 'employees are similarly situated in all relevant respects.'"  *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003) (citation omitted).  The law is clear that "[t]he comparators must perform jobs similar to the plaintiff's; thus, the plaintiff must show that, in her job, she 'shared the same type of tasks' as the comparators." *Cooper v. So. Co.*, 390 F.3d 695, 725 (11th Cir. 2004) (overruled on other grounds) (citation omitted).  Furthermore, the "quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) (citation omitted).

---

Furthermore, statements by non-decision makers do not rise to the inference of discrimination.  *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989).

1.     Milazzo failed to identify similarly situated comparators

Milazzo alleges that Title Cash treated her "unfairly" because "other people did the same things that they're saying that I did." Doc. 45-1 at 22. Milazzo identified the "other people" as Denise Martinez, Mandi Beams, and "Jamie." Doc. 45-1 at 33. However, Martinez and Beams are not proper comparators because Milazzo acknowledged that both were store managers and, significantly, Milazzo failed to meet her burden of showing that Title Cash "subjected them to different employment policies." *Lathem v. Dept. of Children and Youth Servs.*, 172 F.3d 786, 793 (11th Cir. 1999); *see also Rioux v. City of Atlanta Ga*, 520 F.3d 1269, 1281 (11th Cir. 2008) (finding that a battalion chief was not a "valid comparator" for a deputy fire chief because of the "material differences in the men's respective ranks and job responsibilities").[7] Indeed, Milazzo never specified any incidents where Martinez or Beams failed to, or Title Cash alleged that they failed to, follow loan procedures. Doc. 45-1 at 27, 28. Absent such evidence, Milazzo's contentions are conclusory and are insufficient to defeat summary judgment. *Ellis*, 432 F.3d at 1326. Likewise, as to "Jamie," Milazzo's contentions are also conclusory. According to Milazzo, she could not "tell [ ]

---

[7]Milazzo testified that Martinez and Beams trained her, that Milazzo was Martinez's assistant, and that Martinez "did the same things I did, and some things she did that I couldn't do because she was the manager." Doc. 45-1 at 5-6, 27.

specifically" what Jamie did, and instead asserts that "all [Milazzo] can recall" is that "Mandi did most of [Jamie's] work for her" and that Jamie "always would start something and never finish it." Doc. 45-1 at 33. Because "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion," *Ellis*, 432 F.3d at 1326, Milazzo's allegations fall woefully short of meeting her burden of proof for her prima facie case.

    2.    <u>Title Cash's alleged discriminatory discharge</u>

As an alternative basis for discrimination, Milazzo alleges that Title Cash discharged her because she could not speak Spanish. Doc. 45-1 at 13, 22, and 25. Unfortunately for Milazzo, not being able to speak Spanish is not a protected class, *see* 42 U.S.C. § 2000e-2(a)(1) and (2), and, accordingly, summary judgment is due on this basis. Moreover, Milazzo's prima facie case fails because her contention that Title Cash replaced her with a Hispanic is based on unfounded speculation: "[t]here was a Spanish girl working there right after I left;" "[s]he was dark and she had black hair and could speak Spanish." Doc. 45-1 at 22. Milazzo presents no payroll records and relies solely on her testimony instead to prove that Title Cash replaced her with a Hispanic person. In contrast, Thompson provided evidence that the next person Title Cash hired after Milazzo's termination was Amberly Foster, a white cashier, on December 15, 2008. Doc.

45-2 at 24.  Milazzo's bald assertions are insufficient to meet her burden.  *See Ellis*, 432 F.3d at 1326.

### 3. Plaintiff failed to produce evidence of pretext

Finally, even if Milazzo can establish a prima facie case on either of her race discrimination theories, her claim still fails because she cannot show that Title Cash's articulated reason for her termination is pretextual.  To establish pretext, Milazzo "must demonstrate 'such weakness, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'"  *Sampath v. Immucor, Inc.*, 271 F. App'x 955, 960 (11th Cir. 2008) (citing *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997)).  As stated previously, Milazzo never addressed Title Cash's articulated reasons for her discharge.  Moreover, Title Cash also presented unrebutted evidence that it discharged Milazzo for repeatedly "fail[ing] to follow company policy and procedures and proper lending procedures."  Docs. 45-2 at 17, 18; 45-3.  Milazzo does not challenge this assertion and, in fact, acknowledged it in her exit interview.  Doc. 45-3.  When, as here, Milazzo failed to establish that Title Cash failed to hold non-protected class employees to the same rules or to rebut Title Cash's articulated reasons, the court grants Title Cash's motion on Milazzo's race

discrimination claim.

## IV.  CONCLUSION

Based on the record before it, Milazzo's ADEA and Title VII claims are untimely.  Alternatively, no evidentiary basis exists for the court to find that Milazzo can establish a prima facie case or show that Title Cash's proffered reasons for termination are pretextual.  Therefore, Title Cash's motion for summary judgment is due to be **GRANTED**.  The court will issue a separate order granting the motion and dismissing this case.

Done the 23rd day of October, 2012.

_____
ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE